KELSEY, J.,
dissents.
I respectfully dissent from the majority's denial of the State’s motion for rehearing. The State moved for rehearing because, given the majority opinion’s heavy reliance on the presumed absence of a detainer even though the trial court did not even weigh the detainer as a factor, the State obtained, and filed with the trial court, copies of the detainer that was in fact lodged against Defendant, and the Georgia Department of Corrections’ acknowledgment of that detainer. The State requested that we accept those documents as a supplement to the record on appeal, and argued that the majority analysis should not have rested so heavily on Defendant’s unproven assertion that there was no detainer.
I agree with the majority that we cannot allow the record on appeal to be supplemented with newly-obtained evidence that was never presented to or reviewed by the lower tribunal. However, even if the record properly included the detainer and acknowledgment in connection with both parties’ arguments that the other was negligent in failing to try Defendant in Florida quickly, those documents would not have resolved the substantive issue for two reasons. First, the detainer was not filed until a year after Defendant was incarcerated in Georgia, thus leaving open the question of whether that one-year delay violated Defendant’s speedy trial rights—a question I would answer in the negative under section 775.15(5)(b), Florida Statutes (2004), as explained in my merits dissent. Second, the detainer and acknowl-edgement do not prove that Georgia prison officials followed the proper procedures to advise Defendant of his rights and the process for demanding speedy trial. At trial, defense counsel denied there ,was a detainer, and without a detainer in evidence, the state relied on unrefuted evidence that Defendant had actual knowledge of the Florida charges against him through his probation officer. Thus, the detainer argument is .a red herring both procedurally and substantively.
It is precisely the ineffectiveness of the detainer argument that compels me to agree with the State that this Court should hot rest its analysis on the assumption that there was no detainer—an assumption that has now been proven false, *753 albeit by extra-record evidence. As I noted in my merits dissent, there was evidence in the record indicating that a de-tainer had likely been filed, which I would have found sufficient to preclude basing the Court’s analysis in large part on an assumption to the contrary. By doing so, the majority improperly substituted its weighing of the evidence for that of the trial court, in violation of the proper standard of review under Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), as explained in my merits dissent. As I concluded in that dissent, on the specific facts of this case, I would not reweigh the evidence and I would affirm the trial court’s order denying Defendant’s motion to dismiss the charges against him